5 F.3d 1503
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Kenneth E. GRIGGS, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 92-3439.
 United States Court of Appeals, Federal Circuit.
 July 16, 1993.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and ARCHER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Kenneth E. Griggs petitions for review of the October 21, 1991 initial decision of the Administrative Judge (AJ), Docket No. CH04329110501, as modified by the Opinion and Order issued by the Merit Systems Protection Board (Board) on April 22, 1992, sustaining the Department of the Army's removal (Agency) of Griggs for unacceptable performance. We affirm.
 
 DISCUSSION
 
 2
 The Navy removed Griggs for performing unacceptably in all three critical elements required by his position as a Mechanical Engineer. In a detailed decision sustaining the Navy's removal action, the AJ held that the Navy had established that Griggs had failed to produce technical reports within established time frames, that these failures warranted an unacceptable rating for the third critical element as a whole, and that the AJ therefore did not need to consider the other two elements. The third element included five tasks A-E, of which the AJ found that Griggs had failed to perform successfully B, D and E. The AJ also found that the Navy had provided Griggs with reasonable opportunity to improve his performance, and furthermore that Griggs had failed to establish that the Navy committed any harmful procedural error by not issuing a performance appraisal to Griggs at the end of his performance improval period or by not reassigning or demoting him in lieu of removal.
 
 
 3
 In its April 22, 1992 Opinion and Order, the Board held that the AJ properly sustained Griggs' removal based on his failure to perform tasks B and D successfully. Although the Board did find error in the AJ's determination that the evidence established that Griggs had failed to perform task E satisfactorily, the Board found that this error was harmless since Griggs' unsatisfactory performance of tasks B and D was so egregious as to warrant an unfavorable rating in the third critical element as a whole.
 
 
 4
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c) (1988). After fully reviewing the record before us and considering each of the arguments that Griggs raises in this appeal, we find that Griggs has failed to establish that any of the foregoing reasons for reversal exist in this case. Accordingly, we affirm.